UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| SIRTEC (DONGGUAN) PLASTICS & ELECTRONICS CO., LTD., and SIRTEC INTERNATIONAL COMPANY LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>WINE PLUM, INC.,<br><br>Defendant. | Case No. |

# COMPLAINT

Plaintiffs, Sirtec (Dongguan) Plastics & Electronics Co., Ltd. ("Sirtec Dongguan") and Sirtec International Company Limited ("Sirtec International"; and, collectively with Sirtec Dongguan, the "Plaintiffs"), hereby sue Defendant Wine Plum, Inc. ("Plum" or "Defendant"), and allege as follows:

## NATURE OF THE CASE

1. This action arises out of Plum's failure to pay for and accept certain goods that it ordered from Plaintiffs pursuant to a validly issued and duly accepted purchase order. Plum's actions constitute breach of contract for which Plaintiffs are entitled to recover damages.

## PARTIES

2. Plum is a Delaware corporation with its principal place of business located in Dania Beach, Florida.

3. Sirtec International is a company organized under the laws of Taiwan. Accordingly, Sirtec International is a citizen of a foreign state for purposes of establishing this Court's jurisdiction.

4. Sirtec Dongguan is a company organized under the laws of the People's Republic of China and is indirectly wholly owned by Sirtec International. Accordingly, Sirtec Dongguan is a citizen of a foreign state for purposes of establishing this Court's jurisdiction.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because this is an action between a citizen of the State of Delaware and citizens of foreign states, and there is more than $75,000 in controversy, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant does business and has its principal place of business in this district, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTS COMMON TO ALL COUNTS

7. Plum markets and sells, throughout the United States, a wine appliance that is intended to preserve, chill and serve wine by the glass.

8. Plaintiffs design, manufacture, distribute and sell a variety of household electrical appliances, including the wine appliance marketed and sold by Plum (hereinafter, a "Wine Dispenser").

9. The Wine Dispensers are designed by Plum and manufactured by Plaintiffs in accordance with technical specifications provided by Plum. Each Wine Dispenser produced by Plaintiffs for Plum is finished with Plum's trademarked logos and unique insignia.

10. Plum has purchased Wine Dispensers from Plaintiffs since at least 2016, at each instance through the issuance of a purchase order, which would then be accepted and performed by Plaintiffs.

11. On or about October 15, 2020, Plum issued purchase order PO-0061 to Plaintiffs for the purchase of 3,000 Wine Dispensers (the "Purchase Order"). A true and correct copy of the Purchase Order is attached hereto as Exhibit A.

12. Plaintiffs subsequently accepted the Purchase Order and commenced production of the 3,000 Wine Dispensers. All of the conditions to effectiveness of the Purchase Order were agreed to between the parties and subsequently satisfied.

13. Between January of 2021 and June of 2021, Plum paid for and accepted 1,174 (the "Accepted Units") of the 3,000 Wine Dispenser units comprising the Purchase Order. Attached as Composite Exhibit B hereto are the invoices accepted and paid by Plum for the Accepted Units following acceptance of the Purchase Order. Each such invoice references the Purchase Order (i.e. PO-0061) and reflects the per-unit price agreed between parties in accordance with the Purchase Order.

14. On or about June 24, 2021 - following the tenth completed shipment under the Purchase Order - Plum indicated to Plaintiffs that it would be arranging for the shipment of an additional 880 Wine Dispensers.

15. Plaintiffs thereafter completed production on the remaining 1,826 Wine Dispensers under the Purchase Order.

16. Notwithstanding the June 24, 2021 communications and its obligations under the parties' agreement, Plum has refused to accept or pay for the balance of the Wine Dispensers that it ordered from Plaintiffs, despite repeated attempts by Plaintiffs to arrange for shipment.

17. Plum was obligated under the terms of the agreement struck between the parties by virtue of the issuance and acceptance of the Purchase Order, to purchase 3,000 Wine Dispensers from Plaintiffs, but has failed to pay for and accept 1,826 such units.

18. These 1,826 Wine Dispensers were uniquely manufactured for Plum, and its ongoing refusal to complete its purchase under the Purchase Order has caused material damage to Plaintiffs.

## COUNT 1 - BREACH OF CONTRACT

19. Paragraphs 1 through 18 above are realleged an incorporated herein.

20. On or about October 15, 2020, Plum issued the Purchase Order to Plaintiffs for the purchase of 3,000 Wine Dispensers at the per-unit price of US $1,000 for the first 1000 units and US $1,100 for the remaining 2,000 units under the order.

21. Any and all conditions to effectiveness of the Purchase Order were satisfied, and Plaintiffs subsequently notified Plum of their acceptance of the Purchase Order, thereby creating an enforceable agreement pursuant to which Plum was required to purchase 3,000 Wine Dispensers in accordance with the payment terms set forth in the Purchase Order.

22. Plaintiffs have manufactured, and made available for shipment, all 3,000 Wine Dispensers in accordance with Plum's specifications, and have otherwise materially complied with the terms of their agreement with Plum.

23. Plum has failed to pay for, or accept delivery of, 1,826 Wine Dispensers, and is therefore currently indebted to Plaintiffs in an amount equal to US $2,008,600, plus storage fees and interest.

24. All conditions precedent to the bringing of this action have been satisfied.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter a judgment against Defendant in the principal amount of US $2,008,600, plus storage fees and pre- and post-judgment

interest in amounts to be determined, attorneys' fees and costs, and any other relief that the Court deems appropriate and just.

Dated: May 17, 2022

                Respectfully submitted,

                By: /s/  Jose Avila

                Jose Avila
                Fla. Bar No. 0093385
                jose@junavila.com
                Jun Avila PLLC
                9100 S. Dadeland Blvd., Suite 1500
                Miami, Florida  33156
                Tel:  (305) 392-0155
                Fax: (305) 402-2239

                *Attorneys for Plaintiffs*